The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Mr. Mazina. Mr. Mazina. Good morning. Good morning. May it please the Court, Paul Mazina for the Appellant, Sammy Lewis Stokes. Your Honors, when we briefed and argued Mr. Stokes' constitutional claim more than a year ago, the State not only didn't cite section 2254E2, it also affirmatively invited this Court to rule on the merits of the claim based on the evidentiary record that was developed in the district court. Only after the State was unhappy with this Court's ruling did it then reverse course and try to retroactively nullify that ruling by raising a 2254E2 objection to the same evidence that the State had previously urged the Court to consider. The State admits in its supplemental brief that it was aware that this objection was available to it all along and it simply chose not to raise it. That is not just forfeiture. That is deliberate, intentional waiver of the argument, and it's exactly the kind of sandbagging the Supreme Court was concerned about in Shin v. Ramirez. We're asking the Court to hold that the E2 objection was waived and reinstate the original panel decision. Now, subject to the Court's questions, I'd like to do three things this morning. First, I'll explain how the State waived the argument in this Court. Second, I'll explain how the State also waived the argument in the district court. And third, I'll address the State's request for this Court to excuse or overlook the waiver. Counsel, in whatever order you choose to do it, I'd like you to at least respond to this question, which is, is this statutory requirement that we're looking at after the Shin decision something that affects our power to consider evidence that can be waived? Sure, Your Honor. So let me take that right off the bat. First of all, the State hasn't argued that E2 is a jurisdictional limitation. Obviously, the Court has to address its own jurisdiction regardless. But I think it's worth noting the State didn't – the State doesn't believe it's jurisdictional. And I think it's clearly not. The Supreme Court in a whole series of decisions in recent years has tried to really bring some discipline to what provisions are jurisdictional and has said that Congress has to speak in really clear jurisdictional language. And the Court has noted mandatory provisions, even emphatically worded mandatory provisions, are presumed to be claim processing rules that are subject to forfeiture and waiver. And I think the Court's decision in Day v. McDonough from 2006 is pretty helpful with this. The Court there was addressing AEDPA's statute of limitations, but its reasoning, it said, applied generally to AEDPA's threshold limitations. And the Court said these are not jurisdictional limitations. They're claim processing rules. If the State inadvertently forfeits them – so in Day, for example, the State, I think, had miscalculated the limitations period – the Court has discretion then to reach the issue, although it's not required to. But if the State deliberately withholds the argument, then the Court actually has no discretion. And in Wood v. Milliard, the Supreme Court reversed the Tenth Circuit, said it had abused its discretion by reaching an argument under AEDPA that the State had deliberately withheld. Those are AEDPA cases. Those are AEDPA cases, correct. So just to come back, Your Honors, to the proceedings in this Court. So I think everyone agrees the State didn't raise E-2 in this Court, but the State did more than just not raise it. It affirmatively asked this Court to rule based on the evidentiary record that was developed in district court. And I'd point you to two places just as examples. Excuse me. Page 71 of the State's brief, they said that if the default of the claim was overcome under Martinez, then, quote, the next step would be determining whether Stokes proved his case under Strickland. And the State argued the Court should hold that he failed to prove his claim based on the evidence from the district court hearing. But let's talk about that. So let's assume, you know, we're in a different context. You're in a products liability case and a defendant moves to exclude an expert. Trial court says no, the expert's qualified, he gets to testify. The defense lawyer, you know, cross-examines the expert effectively and gets either a directed verdict or a jury verdict. You know, the plaintiff appeals the verdict saying the evidence is sufficient to either warrant a different result or go to trial. I mean, isn't the defendant entitled to, you know, at least in responding to those allegations, use the information that was elicited over its objection to the evidence coming into the first place? Your Honor, the defendant can certainly argue in the alternative. It can say this was improperly admitted, but even if it was properly admitted, we should win anyway. But what the State, what the defendant can't do is embrace that evidence, refrain from making any objection to it, and wait to see how the case comes out, basically holding this objection sort of up its sleeve in case it gets a merits ruling it doesn't like. So the winning party, your position is, has to or it has to raise arguments even though it prevailed or those are waived. As to evidentiary objections, Your Honor, yes, absolutely. And let me address that because I think this is the State's main argument against finding waiver in this Court is they say this was just an alternative ground for affirmance and as appellee we weren't required to raise it. And they cite for that an out-of-circuit case, the Federal Circuit decision in a case called Independence Park Apartments. There are two reasons that I think are very clear why that rule doesn't apply here. First, it's a rule that applies only when the appellant is seeking remand. And that makes sense, right? If you think about it, if the appellant is looking for a remand, the appellee can sometimes hang on to certain arguments that would be relevant on remand. And that's what happened at Independence Park Apartments. So that was a regulatory takings case. The claims court had held that there was no taking as a matter of law. The plaintiffs appealed that and they were looking for a remand on damages. And the Federal Circuit agreed, said there was a taking, remanded for damages. On remand, the government was entitled to raise damages arguments that it hadn't reserved for the remand. But obviously here, we were not seeking remand. We were asking this court to rule as a matter of law that Mr. Stokes prevailed on his claim. So if the State had any objection to that disposition, it had an obligation to raise those arguments at the time. Counsel, I understand what you're saying, I think, in distinguishing that case. But, I mean, our circuit has addressed this issue very directly and said that, even appellees waive arguments by failing to brief them. I mean, we've considered this question. We've come to a reasoned conclusion, which is that the obligation of appellants to raise their arguments or waive them comes from Rule 28A. Appellees who are governed by Rule 29 are told that they, too, have to comply with Rule 28A. And so we held in Hillman the waiver rule applies equally to both. I don't really understand how this is an open question in our circuit. It seems like an interesting question, a question on which circuits have taken somewhat different approaches, but we've addressed it. That's absolutely right, Your Honor, and I obviously should have started there. This court has held, both in Hillman and in subsequent cases, appellees waive arguments that they don't brief. That's the law in this circuit. I did want to just respond to Judge Quattlebaum and explain why even this out-of-circuit case law doesn't support the State here. And just to wrap up that point, if you look at the cases that are cited in Independence Park Apartments, one of those cases makes exactly the point I'm making here. It's Judge Posner's decision in a case called Shearing Corporation v. Illinois Antibiotics, and there the issue was very similar. The case had gone up to the Court of Appeals on a question about the meaning of an injunction. The parties litigated it, and then the party that lost tried to go back and challenge the evidentiary record that the court was relying on at the time. And Judge Posner said, whatever arguments appellees can hold on to in some circumstances, you clearly can't do that. That would be an unworkable system if a party could essentially gamble in the hopes of getting a favorable merits ruling and then after the fact try to challenge the evidence. Following up on Judge Harris's discussion and question about the Hillman case, certainly it talks about that both, under the rules, both parties can waive arguments. But doesn't there it ultimately conclude that the court certainly can address the issue that was not raised? And it cites to the admittedly out-of-circuit Hernandez case, which really talks about the burdens really on the appellant, the losing party. How does that factor into this? Your Honor, if an argument is forfeited through inadvertence, the court always has discretion in the interest of justice to reach the forfeited argument. We think it would obviously not be in the interest of justice for the court to do that here, where the court has already held that Mr. Stokes was sentenced to death without a fair and constitutionally compliant sentencing hearing. But even apart from that, where the state has deliberately withheld the argument, that discretion doesn't even exist. It would be an abuse of discretion to reach that deliberately withheld argument under Wood v. Milliard. Did you make any, do we take any, does the fact that you raised this issue before the Supreme Court and it vacated our opinion and instructed, remanded for us to consider the case in light of Shin, does that have any weight at all? No, Your Honor, it has no weight. The Supreme Court has been very clear that its normal practice in GVRs is to leave preservation issues to be addressed by the Court of Appeals on remand. The justices themselves have noted that on numerous occasions. We cite some of those in footnote 1 of our supplemental brief. This court also has a long and consistent practice, which is consistent with other courts of appeals, of addressing preservation issues on remand following a GVR. Of course, we had to put it in our brief in opposition to the Supreme Court. If we hadn't done that, then presumably we'd be here hearing that we had abandoned the argument by not raising it there. But we knew in doing that that the likelihood was the court would leave it to be addressed on remand. So I do think it's worth pointing out that there's no question the State was on notice of the availability of this argument. Eight months before the State filed its brief in this case, this court decided a case called Moore v. Sterling with the same defendants represented by the same counsel. And in that case, this court noted the availability of the E2 argument, noted that it was an open question in the circuit and that it hadn't been raised by the parties in that case. So the State was certainly on notice and aware of this argument, and they don't say otherwise in their supplemental brief. They deliberately chose not to raise it, presumably because they hoped to get a favorable merits ruling that would be more helpful precedent going forward. Counsel, can I ask one question? I want to make sure I at least get this out before your time's up. And it's your alternative argument that even if we consider the application of E2 here, that you should still prevail under the conflict of interest issue and the Aiken issue. And I'm not asking about the conflict of interest issue. I'm asking about the Aiken issue. I think from my understanding of the record, you know, there is State court, the testimony itself of Aiken is available from the State court record. So you could look at that testimony and make some assessment of that. But any discussion of the rationale, the strategy, why the lawyers did that would only be available from the evidentiary record developed in federal court. Am I right in that? That's right, Your Honor. The Aiken claim wasn't raised in the PCR proceedings, so trial counsel I don't believe gave any testimony specifically about Aiken. So the court would just be looking at the trial court record, which as the court pointed out in its decision reflected almost no mitigating presentation at all. The court noted the problems with Aiken's testimony, that he wasn't familiar with important parts of the record, that his examination took up only about four pages of transcript and his cross-examination was about five or six times as long, and that he had this sort of what the State called an Alice in Wonderland theory of prison adaptability where he didn't even testify that Mr. Stokes would be able to adapt to prison, and notably didn't even call attention to the fact that Mr. Stokes, after having a number of violations in his first five years in prison, had no violations in his second five years. Given that this was the entire purpose of Aiken's testimony was to say he can adapt to prison, it's just bizarre that he didn't call attention to that. And all of that you can find from the State court record. And just briefly before I sit down, I want to address the proceedings in the case that you can look at if you're interested in that. Obviously, the waiver in this court is dispositive, but I don't want the court to have the misleading impression that this was preserved in the district court. So first, in response to the habeas petition, the State specifically suggested the court might want to hear testimony from trial counsel Simpson Johnson. That's docket 89 at 17. In the State's motion for summary judgment, they noted that if the claim was not procedurally barred, it would, quote, require a full airing of the claim with appropriate fact finding before the merits are decided. That's docket 161 at 92. The State's pre-hearing brief, docket 159, is the only place where they brought up E2. But even there, they just used it to argue for a sort of bifurcated procedure in the hearing. They didn't use it as a basis to oppose the hearing. And then at the hearing, I'd point you to appendix 2862 and 3560. The magistrate said she would address the State's objections as evidence came in. At the conclusion of the hearing, the State said, quote, if it's a matter that's properly received in evidence, then it's before the court properly. And that was the last we heard of E2. I'll save the rest of my time for rebuttal. Thank you. MS. BROWN. Thank you, Your Honor. May it please the Court. One thing in listening to the back and forth this morning, I want to clear up because it puts everything in context and perspective. For the argument itself, there is a difference between expanding the record for determining whether somebody can excuse a default and expanding the record for the underlying claim of ineffective assistance of trial counsel. That has been meshed in the presentation this morning. When it's properly separated, you can see exactly what the State did, what the warden did in district court to preserve the integrity of the State court record. Now, you just heard a few of the sites and some of the arguments that we made. But, again, keeping that division in line, you have to see what we did before. We objected to the hearing, absolutely. We said 2254E2 prevents expansion of the State court record for determination of any kind of underlying issue. That's exactly what we argued. We also moved to strike affidavits. We were protective of that State court order. And that's on Joint Appendix 2850.  But there's more, and this is what was omitted in just that last litany of cases and what we said in the district court. On the first day of the evidentiary hearing, before anybody testified, very first day, January 8th, 2018, and this is that Joint Appendix site 2862, we asked for our objection to the entire proceedings under 2254E2 to expand any part of the record for a claim to be a continuing objection, a continuing objection, and the magistrate granted that. Counsel, if you assume you preserved it at the district court level, how do you get past our Hillman decision? Again, a distinction. We've talked a lot about civil cases. AEDPA is not a normal civil case. AEDPA restrains federal courts from the normal rules and gives a deference to the separate sovereign, the State, that's not seen in other civil cases. Going back to the Hillman case out of this. It's your understanding that waiver rules just don't apply to the State in this context? They cannot, Your Honor, because it's AEDPA. And I think going back to Hillman. How do you address your colleague cited pair of Supreme Court cases saying that these AEDPA preconditions are not jurisdictional and they can be waived by the State? Well, I will say that it's not addressed specifically in the case law as of to date. In what sense is it not addressed specifically in the case law? We do not have a case. You think that this provision might be different. All of the other AEDPA provisions are non-jurisdictional, but this one is jurisdictional? Actually, Your Honor, 2254D1 has been deemed jurisdictional. Is there a reason why the Supreme Court would have put that footnote in Shin about the forfeiture question if this were a jurisdictional question? Wouldn't that footnote simply have said this is jurisdictional, it can't be waived? Well, there's no explanation of why they did. They forgave it. Why did they forgive it? Your position is that there is nothing to forgive. This is not waivable. It's jurisdictional. That would render that footnote, I mean, more than superfluous. It would render that footnote incorrect. I don't believe it would be incorrect. It's just the basis. You can forgive that, any kind of procedural rule or forfeiture, because it is a limitation on the authority of the federal courts. That puts a different meaning on forgiveness, doesn't it? If it's impossible to send, there's no need for forgiveness. If it's jurisdictional, you don't have to forgive that. Well, if we turn to just looking at the rest of the cases and the Shin case, we also have the Holland case from, I think it's 2004, and there they rejected a procedural argument. In that case, I think it's very interesting because, again, EDPA coming up, nothing was decided against the state until the Court of Appeals. At the Court of Appeals, Tennessee did not do a petition for rehearing or otherwise raise that. However, the Supreme Court, much like the footnote that Judge Harris and you are concentrating on, said we forgive or we don't find a procedural bar or we don't find an issue there. That doesn't change the text of EDPA. And to go back to the suggestion that maybe it could be waived, this isn't a defense. This is a limitation on federal courts' ability to act. Just so I understand your position, so you are not arguing that you didn't, you are not arguing that this was preserved before us. You are saying it didn't have to be preserved because it's jurisdictional. Yes, ma'am. And to go back before Hillman, Hillman actually. You are not arguing that it wasn't. If this were non-jurisdictional, you are conceding that it was waived in front of us, but it is not a problem that it was waived because this is jurisdictional. That's your position? Not exactly. In Hillman, this Court cited two, Hernandez v. Starbuck. Hernandez v. Starbuck is an EDPA case. And the Eighth Circuit there drew that distinction that an appellee in an EDPA case only wants to preserve the judgment. And in that case, there are no specific rules that you have to have all of your alternative arguments to raise. And let's go back here on what was appealed. What was appealed was the district court ruling. The district court never accepted evidence in support of the underlying claim for a merits ruling. The first time that 2254E2 was actually offended was the merits determination that this court did in the opinion. That's very important because they also ask us, well, why didn't you raise it to the magistrate? Why didn't you raise it better to the district court? First of all, we preserved our objection, and no court prior to this one ever expanded the records for purposes of a merits ruling. That's what makes this a little bit different. This isn't giving up something we lost in the district court. We were the prevailing party. And again, this flows right back into the Hernandez case that because you're the prevailing party, all you want to do is keep the status quo. That is almost a direct quote from Hernandez. It's a very interesting read. And other circuits have said similar to this. Now, I will agree we have Hillman, but Hillman's not at. And there's a deference built into the structure that does not exist in other cases. Are you conceding that it was your deliberate strategy to hold back this? No. No, sir. It would sound a whole lot like the last thing you said was. We have no deliberate strategy to hold back. We never lost. No, we never lost. The question is, you raised it before the magistrate, correct? This issue, this E-2 issue. Did you not? We asked for them not to hold the hearing at all. That's right. And then they made an R and R, right? It was received by the district court. Report and recommendation? Yes, sir. Did you object? They did not excuse the default. Again, we won. No, no. Did you object? You said you raised the issue in the magistrate, but you have to raise the objection in the district court. Otherwise, they're lost. We do it all the time in the Fourth Circuit. You people in prison, it works for them, but it doesn't work for the government. If they don't object to the R and R, when it gets to the district court, then they're waived. And nobody says a word about them. Respectfully, Your Honor, I think that flows back into the division because you can receive evidence to excuse a default. You can't receive evidence for purposes of expanding the record for the underlying claim until that division is accepted. Before us, counsel, I understand the division you're talking about. But before us, the state urged us to decide the underlying ineffective assistance claim based on the full record as developed by the magistrate judge. You told us, decide the case on this ground. And now you're telling us it's impermissible for us to look at the record you told us to look at the first time around. This seems to me, you know, something more than a waiver. The state's taking inconsistent positions. The first time we were here, we were told, here's the record on which you should decide the underlying ineffective assistance claim. And now we're being told, you can't look at that record to decide that claim. I mean, this is, I do feel a little bit sandbagged here. Well, Your Honor, again, you have to look at the issue that's coming up. What was the appellant asking you to do? You were asking us to decide the case in your favor based on what you apparently thought was a pretty favorable full hearing. You wanted us to be able to look at the attorney's explanation for why he did what he did. You thought you could win on that ground, so you asked us to decide the case on that ground. And when you didn't win, you have come back to tell us, that's wrong, you can't look at that. And that strikes me as very unusual. When one argues in the alternative, it is the alternative, that is for sure. If you did not accept the position. You didn't argue in the alternative. You didn't come before us and say, first of all, that hearing should have never happened. But if you disagree, if you think that hearing should have happened, we still win on the record. That's an argument in the alternative. That is not what you told us. Respectfully, that again blends the evidentiary hearing. That is exactly why we had so many discussions with the magistrate to make sure that it was separate. And now it's blending back again. We have never, ever waived intentionally the 2254E2 for purposes of the underlying claim. Now, you still look at the underlying claim for a substantive issue for the default analysis. That's always going to be part of it. Is it a bit confusing? Absolutely. And now it won't happen. Because the Supreme Court has made very clear, you don't go through that step to get to the underlying claim. You look at the underlying claim first. All of the evidence that came in for the default analysis would not be allowed today under SHIN. But that doesn't mean that it was for the underlying claim. Now, I want to go back a little bit to what SHIN says. Because it's interesting. It starts with some of the arguments for allowing evidentiary hearings. And it goes to the theory that this has to come in anyway. Because Martinez, without showing that it's a substantial claim and that expansion of the record occurs, will never be able to use Martinez to actually excuse the default. The Supreme Court said, maybe there's something that comes in for the excusal of the default, but we don't need to address that, keeping that separate and apart. You can't use it for the underlying claim, so it doesn't matter about the first part. This division is so important. This is the division that we argued repeatedly to the magistrate and the district court proceedings because we were trying to keep that separate. That is our motion to strike affidavits. We're not blending this back. I don't think there's any question. I don't think your colleague on the other side disputes that you raised this issue. And you raised it in precisely that divisible way before the magistrate judge. But I guess I'm not understanding how that sort of addresses the concern about waiver before this court. Well, I believe this court in Hillman did make specific reference to Hernandez. So that is something that says, wait a minute, Ed put it different. Otherwise, there wouldn't be that reference. And the parenthetical that appellees are slightly different and they may not have that requirement to raise as an appellant would a particular issue or argument. But let's look again, too, at Schen. What is the limitation in 2254E2? It's a limitation on the federal court's authority to act. It is restricted. It is mandatory. In Schen at 1736, the court recognizes the congressional limit and that the court cannot, cannot decline to give it effect. That's the wording from the Supreme Court. Brown v. Davenport, very cited closely in time, a valid rule of decision, federal courts must follow it. Now, we do have cases from the Supreme Court talking about 2254D, part of the basic structure of federal habeas jurisdiction. This is how important that provision is. They put it on a jurisdictional level. 2254E2 and 2254D are linked together. The Supreme Court did it in Cullen v. Penholster. These are limits on federal court's authority to act. Now, it's not a defense. It's not something that should be waived or considered waived. It is a limitation on a federal court's authority. And let's look at it here. The Supreme Court has announced equitable rules, but when? When there was not text that would prevent it. For instance, statute of limitation. In Holland v. Florida, the Supreme Court said, in the absence of text, we will make this equitable decision. In Martinez v. Ryan, the same thing. It's equitable because it's not a claim. It did not offend the text of EDPA, the 2254I prohibition. Here, we don't have an absence of text. We have a direct limitation on federal courts. Why didn't you argue that in the Fourth Circuit? Again, we're looking. Why didn't you argue it in the Fourth Circuit? Because we didn't lose on that point. You didn't think that was an issue when you were here? You said you had a knockout point on that issue, and you said there was no reason because you prevailed in the district court? Is that what you were trying to urge this court? The information that was received went to the excuse of the default, and the default was not excused. We made our arguments based on that, and that's the record that came up before the court, and that was our position taken. We have never said that anyone should reach the underlying claim, and no one ever did before this court did. But if I may, I see I'm running kind of close to time. I wanted to introduce one other concept since we've been talking about whether if there is a waiver, whether it should be subject to waiver. Let's consider this. If you accept waiver and you punish the State, what this court will be doing is more. We're punishing the State because what? How are we punishing the State? Because we didn't raise an additional sustaining ground. The Supreme Court has said a long time ago death is different. Are you familiar with those cases? Death is different? Death is different. EDPA is different. But death is different. And EDPA limits death penalty cases. One of the basic theories of EDPA was to prevent delay in capital cases. This EDPA is a capital case.  There's a lot of evidence about a case where you put on someone, one person, for adaptability in prison. The Aikens case, those things, the overall context of this case, you think that this case would be one that clearly is excused. No, not excused, that there's no jurisdiction at all when you've used it as a sword and a shield. Didn't you urge the district court to actually take some of the facts from those hearings to your favor? On the default analysis, Your Honor. Yes, but default. Also, the strategy and the explanation of the lawyer, that's part of the IAC claim, right? The substantial nature of the claim. There are two prongs under Martinez. But, Your Honor, I believe that you're raising a miscarriage of justice argument that all things should be set aside because this court is divided. I'm just saying that you talk about what triggered my question when you said, should the state be punished? Punished by what? They can't execute him? You mean, what's the punishment? The state would be punished by only responding in its brief of response and not going further. That is the punishment. Can I ask you a question? Absolutely. It might be similar to Judge Gregory's question. Because this objection was not raised before, and I was here because we were urged to decide the underlying ineffective assistance claim based on the full record as developed below, we are now in a position, and I fully respect the state's contrary view and my dissenting colleagues' contrary view,  and we found that there had been a constitutional violation. And so you are asking us to let that unconstitutional death sentence stand because of a procedural default by the petitioner, because he didn't raise the constitutional violation at the right time in the proceedings, and to do that, we would have to excuse the fact that the state failed to raise its argument before us. And I have to say that just strikes me as very perverse, and I wonder if you can explain to me why that makes sense. Absolutely. Two points. The first is that the divided opinion from the panel was incorrect. It is not a constitutional error. There was a violation of Belamonte's. There's a violation of Strickland. There was another reason other than we were wrong, because, again, I fully respect my dissenting colleagues' very thoughtful position, but here we are. We have this opinion, so what's your next answer? Well, we do not give up the position that this court can't find a constitutional violation without correctly applying Strickland. That's very important. But above all, we talk about the waiver for the state because we didn't raise this additional sustaining ground, or to present it in the manner that you took it, perhaps, but you're absolving the petitioner from all the limitations in 2254E2. Your Honor, I am running close. May I continue this one thought? You may. 2254E2 has a miscarriage of justice exception, and the petitioner bears the burden of showing that there was a failure to develop that would excuse it, that he could not have developed these facts with due diligence, and the miscarriage of justice exception is limited to guilt, not sentencing. So to allow waiver would be to allow this defendant to escape all the limitations that Congress listed out in 2254E2, with this court, for the first time, being the only court to make the decision that there was any problem whatsoever with sentencing. And I remind the court that the magistrate didn't find that, the district court didn't find that, that Stokes had even gone to the state Supreme Court during district court proceedings, and our state court did not agree with that position. People differ on evidence that is offered in mitigation, whether it's truly mitigating, in the context. People differ. But what we have is a structure that does not allow the result of waiver and escape from all the limitations in 2254E2. I thank you for your indulgence, Your Honor. Thank you, Ms. Brown. Ms. Mazzino, you have a few minutes reserved. Thank you, Your Honor. Just a few brief points in rebuttal. First, the argument that E2 was not waived for purposes of the underlying claim, first of all, I think it absolutely was, and one place you can see that very clearly is page 71 of the appellee's brief in this court, where they say even if the court finds the default overcome based on Martinez, we should still win on the underlying claim. And even if they hadn't raised that, we were certainly seeking relief on the merits of the underlying claim. And so if they thought we weren't entitled to that relief, they had to raise that argument. If the State had the implication of the State's current position is that everything that happened for a number of years, both in the district court and on appeal in this court, was a complete waste of time, because all of the debate about Martinez and excusing the default was irrelevant, because their view is you couldn't possibly win on the underlying claim because you can't even look at the mitigating evidence for purposes of the underlying claim. If that was their position, it made no sense to spend years litigating the Martinez issue, which is what they say they were doing. To this idea that you get as appellee, you get to hold back your evidentiary objections, again, I think Judge Posner has a good answer to that, but really if you just think about what that would mean, after every civil trial, the prevailing party on appeal could try to defend the verdict, and then if they lose, you'd get a rehearing petition where they say, actually, we'd like to raise some objections to the evidence you considered. That can't possibly be the rule. If you have an objection to the evidence the court is considering on the issue that's before the court on appeal, you have to raise that objection in conjunction with briefing that issue. This idea that E2 is a jurisdictional limitation, I think there's absolutely no support for that, and that would be a clear legal error. No court that we're aware of has ever held that. It would be inconsistent with the Supreme Court's repeated instruction not to read mandatory provisions as jurisdictional if they lack clear jurisdictional language. It would be inconsistent with how the Supreme Court has treated other similar threshold limitations under AEDPA, and it would be inconsistent with footnote 1 in Shin, where the discussion of forfeiture there would make no sense if the court thought it was talking about a jurisdictional provision. Finally, Your Honors, if the court thought that it had some residual discretion to consider excusing the waiver, and again, under Wood and Day, I don't think it does, but it would clearly, I think, be inappropriate to exercise that discretion here. I completely agree with Judge Harris. The State's position would apply a perverse double standard where Mr. Stokes would be executed without having been assisted by competent counsel because his ineffective PCR lawyers forfeited a claim while the State's waiver by the State's presumably competent and effective counsel would be excused to allow that execution to go forward. That can't possibly be in the interest of justice. I think if you take seriously the concerns in Shin about the integrity of legal proceedings and about discouraging sandbagging, what's sauce for the goose has to be sauce for the gander, and I think if you apply those concerns fairly, you have to find the State way of this argument here. Thank you, Your Honors. Thank you, Mr. Messina. Mr. Messina and Ms. Brown, we thank you so much for your argument. We would love to come down and greet you in our normal Fourth Circuit tradition, but under circumstances, we can't do that. But, no, very much we appreciate you being here and wish you well and be safe. Thank you.
judges: Roger L. Gregory, Pamela A. Harris, A. Marvin Quattlebaum Jr.